IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CRAIG ALEXANDER,            :
                Petitioner,     :      1:14-cv-2397
                         :
     v.                          :      Hon. John E. Jones III
                         :
WARDEN DAVID EBBERT,        :
                Respondent.     :

## MEMORANDUM

August 7, 2015

Petitioner, Craig Alexander (hereinafter "Petitioner"), an inmate currently confined at the United States Penitentiary in Lewisburg, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1). Petitioner claims that his due process rights were violated during the course of a prison disciplinary hearing held in January 2014, at the United States Penitentiary at Beaumont, Texas.  (Doc. 1; Doc. 10-1, ¶ 3).  He seeks expungement of the incident report and restoration of lost privileges.  (Doc. 1, p. 9).  The petition is ripe for disposition.  For the reasons set forth herein, the petition will be dismissed.

## I.  BACKGROUND

In general, the Federal Bureau of Prisons ("BOP") Administrative Remedy Program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their

confinement." 28 C.F.R. § 542.10.  An inmate must initially attempt to informally resolve the issue with institutional staff.  28 C.F.R. § 542.13(a).  If informal resolution fails or is waived, an inmate may submit a BP–9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the Request occurred, or within any extension  permitted.  28 C.F.R. § 542.14.  An inmate who is dissatisfied with the Warden's response to his BP–9 Request may submit a BP–10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response.  28 C.F.R. § 542.15(a).  The inmate may appeal to the BOP's General Counsel on a BP–11 form within 30 days of the day the Regional Director signed the response. *Id.*  Appeal to the General Counsel is the final administrative appeal.  *Id.*  If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level."  28 C.F.R. § 542.18.

Disciplinary Hearing Officer (DHO) appeals are submitted directly to the Regional Director.  *See* 28 C.F.R. § 542.14(d)(2).  Therefore, DHO appeals involve fewer levels of review in order to be considered "exhausted."

On December 12, 2013, Petitioner was charged in Incident Report Number 2526069 with "introduction of Drugs/Alcohol (attempted) and Phone Abuse,

(Criminal Codes 111A and 197)."   (Doc. 10-1, p. 3, ¶ 3).   A disciplinary hearing was held on January 9, 2014.  (*Id.* at p. 33)  Petitioner was found guilty of the charged conduct and sanctioned with eighty-two days loss of good conduct time, sixty days of disciplinary segregation, and twelve months loss of telephone, visitation, and email privileges.  (*Id.* at p. 34).

On September 22, 2014, Petitioner challenged the hearing officer's ("DHO") decision by fling an appeal with the Regional Director.  (Doc. 10-1, at ¶ 7).  On September 30, 2014, the appeal, which was assigned "REM ID 796138-R-1," was rejected as untimely.   (*Id.*).  Petitioner was afforded the opportunity to refile the appeal with the Regional Office to include an explanation concerning the untimeliness of the request.  (*Id.*).  On October 27, 2014, he refiled the appeal at the Central Office Level.  (*Id.* at ¶ 8).  On December 3, 2014, the appeal was rejected for failure to comply with the September 30, 2014 directive that he refile with the Regional Office.  (*Id.*)  He was again advised to refile the appeal with the Regional Office.  (*Id.*)  He failed to file anything further.  (*Id.*)

## II.   DISCUSSION

A habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973), including challenges to prison disciplinary proceedings that bear on the length of confinement, such as deprivation of good time credits.

*Muhammad v. Close*, 540 U.S. 749 (2004); *Edwards v. Balisok*, 520 U.S. 641 (1997).  *See also Wilkinson v. Dotson*, 544 U.S. 74 (2005).

Respondent seeks dismissal of the petition as unexhausted.  (Doc. 10, p. 1). Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies.  *See, e.g., Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 761 (3d Cir. 1996); *Arias v. United States Parole Comm'n*, 648 F.2d 196, 199 (3d Cir. 1981); *Soyka v. Alldredge*, 481 F.2d 303, 306 (3d Cir. 1973).  The burden is on the petitioner to prove that he exhausted administrative remedies.  *Meyers v. Martinez*, 427 F. App'x. 125, 127 (3d Cir. 2011) (*citing Coady v. Vaughn*, 251 F.3d 480, 488 (3d Cir. 2001)).  If a petitioner fails to exhaust administrative remedies, the district court must dismiss the petition.  *Callwood*, 230 F.3d at 634.

"[F]ailure to satisfy the procedural rules of the [Bureau of Prisons'] administrative process constitutes a procedural default."  *Moscato*, 98 F.3d at 760–761 (*citing Francis v. Rison*, 894 F.2d 353,355 & n. 2 (9th Cir. 1990); *Sanchez v. Miller*, 792 F.2d 694, 697 (7th Cir.1986)).  Petitioner failed to timely submit his request for review to the Regional Office.  *See* 28 C.F.R. § 542.14(d)(2).

4

This failure to satisfy the procedural rules of the BOP's administrative remedy process constitutes a procedural default. *Moscato*, 98 F.3d at 760. "[I]f a prisoner has failed to exhaust his administrative remedies due to a procedural default and the default renders unavailable the administrative process, review of his habeas claim is barred unless he can demonstrate cause and prejudice." *Id.* at 761. To demonstrate "cause" for a procedural default, the petitioner must show that "some objective factor external to the [petitioner's] defense impeded [his] efforts to comply with [a] procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Meanwhile, to demonstrate "actual prejudice," the petitioner must show "not merely that the errors . . . created a possibility of prejudice, but that they worked to his actual and substantive disadvantage." *Carrier,* 477 U.S. at 494 (quoting *United States v. Frady*, 456 U.S. 152, 270 (1982)).

Petitioner failed to exhaust the administrative review process. His request for administrative review of the disciplinary hearing was rejected as untimely and he failed to avail himself of the opportunity to remedy his procedural default by filing with the Regional Office an explanation of untimeliness. He offers no explanation for his failure to comply with the administrative appeal process and, therefore, has not shown cause for his procedural default. Absent such a showing, review of the merits of Petitioner's claims is barred.

A separate Order will issue.